RECEIVED

MAY 14 2010

AT 8:30_____M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

FORM FOR USE IN APPLICATION
FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

Mr. Naeem Miller

Prison Number: 286736C

Case No   10-2492 (SRC)
          (to be supplied by clerk)

MR. NAEEM MILLER, PETITIONER,

V.

MS. MICHELLE RICCI, RESPONDENT,

and

PAULA T. DOW
THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, ADDITIONAL
RESPONDENTS.

## PETITION

1. Name and location of court that entered judgment of conviction under attack: **Superior Court of New Jersey, Law Division, Essex County.**

2. Date of judgment of conviction: **May 13, 2005**

3. Length of sentence: **37 years subject to NERA.**

   Sentencing Judge: **Hon. Thomas R. Vena, J.S.C.**

4. Nature of offense or offenses for which you were convicted: **Murder, Aggravated Assault, possession of a weapon.**

5. What was your plea? **Not Guilty.**

6. Kind of trial: **Jury.**

7. Did you testify at the trial? **NO**

8. Did you appeal from the judgment of conviction? **Yes.**

9. If you did appeal, answer the following:

   (a) Name of Court: **New Jersey Superior Court, Appellate Division**

   (b) Result: **Affirmed.**

   (c) Date of result: **Jan. 8, 2007**

   If you filed a second appeal to the Supreme Court of New Jersey or filed a petition for certiorari in the Supreme Court of the United States, give details:

   _____N/A_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motion with respect to this judgment in any court, state or federal?   **Yes.**

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of Court: **Superior Court of New Jersey, Law Division, Essex County.**

    (2) Nature of Proceeding: **Post-Conviction Relief.**

    (3) Ground Raised: **Ineffective assistance of trial. and appellate counsel.**

    (4) Did you receive an evidentiary hearing on your petition, application, or motion? **No.**

    (5) Result: **Motion denied.**

    (6) Date of result: **February 8, 2008**

    (b) As to any second or third petition, application or motion give the same information: **Petitioner filed only one PCR application.**

    (c) NA

    (d) Did you appeal the result of any action taken on any petition, application or motion to the highest state court having jurisdiction:

    **Yes.**

    (e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not: **NA**

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

   **CAUTION:** In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

   A    Ground one: **The trial attorney rendered ineffective assistance of counsel by failing to object to the courts' identification instruction which both misstated the evidence and summarized it in an unbalanced and misleading manner**
   SUPPORTING FACTS (Tell your story briefly without citing cases or law):

   The defense was that the State's identification evidence tying [Petitioner] to the shooting was inadequate and unreliable. However, the trial court instructed the jury on the identification issue, but in the course of doing so, committed two substantial errors that counsel failed to notice and object to. First, although Kevin Phillips testified that he not see the shooter's face and could not identify him(t.t. 3/23/05, 89-3 to 23), the judge erroneously told the jury that Phillips had identified Petitioner as the shooter. (T.T. 3/30/05, 80-15 to 19). Second, the court's identification instruction was notably one-sided, presenting only the state's version of the evidence. In a case in which the entire defense theory was misidentification, these errors deprived Petitioner of a fair trial, with the effective assistance of counsel.

   Judge Vena also told the jury that "[t]he defendant, as part of his general denial of guilt, contends that the state has not presented sufficient reliable evidence to establish beyond a reasonable doubt that he is the person who committed the alleged offense."(T.T. 3/30/05, 79-22 to 80-1). He then defined the correct burden of proof before turning to specifics. (t.t. 3/30/05, 80-2 to 14). As to specifics, he charged:

   The State presented the testimony of Felicia Wright, Stacy Davis and Kevin Phillips. You will recall that these witnesses identified --identified the defendant as the person who committed the offense charged. The state also presented testimony that on a prior occasion, before this trial, identified [sic] the defendant as the person-----or some of the witnesses identified the defendant as the person who committed these offenses. According to the witnesses, their observations and perceptions that they made of the perpetrator at the time the offense was being committed. (T.T. 3/30/05, 80-15 to 81-2).

   Thus, by erroneously instructing the jury about identification, the court distorted the evidence in a manner that severely prejudiced the Petitioner and bolstered the state's relatively weak identification issue. Moreover, the judge failed

to explain to the jury the Petitioner's claims as to those weaknesses in the identification. He also did not mention that when he testified, Davis repudiated his identification of [Petitioner] as the shooter or that Wright testified that she became certain of her identification only after she heard rumors that [Petitioner] was involved in the shooting. (T.T. 3/23/05,165-7 to 166-12). Thus, counsel should have objected.

B.     <u>Ground Two</u>: **Petitioner's trial attorney rendered ineffective assistance of counsel by failing to request that the court instruct the jury on aggravated and reckless manslaughter.**

SUPPORTING FACTS (Tell your story briefly without citing cases or law):

Presently, there was more than sufficient evidence in the trial record to require the court to charge the jury on the lesser included offense of aggravated and reckless manslaughter, yet Counsel failed to ask for the charges. Presently, shortly before the defense rested, a preliminary charge conference was held during which the trial judge asked both attorneys whether either would be requesting any lesser-included charges. (T.T. 3/29/05, 94-9 to 96-1). The prosecutor stated that as far as murder was concerned, he did not believe any lesser-included crimes were applicable. (T.T. 3/29/05, 96-2 to 6). Defense counsel replied," I concur with that, Your honor." (T.T. 3/29/05, 96-7). The judge then stated, "I agree. No lesser included as to murder and the one lesser included…on the aggravated assault." (T.T. 3/29/05, 97-5 to 7). The judge offered no other commentary on the issue and manslaughter was not charged in any form to the jury.

Moreover, the record clearly indicated that Petitioner may have been guilty of manslaughter rather than murder. Indeed, there was ample evidence in the record to support a verdict of aggravated or reckless manslaughter. The shooting in this case arose from a chaotic scene that took place late at night outside a bar at which alcohol had been consumed. Although two shots struck the victim in his torso, several inflicted wounds unlikely to cause death or serious injury resulting in death. According to the medical examiner, the victim was struck once in the arm and once in the hand, and several of the bullets produced "graze wounds." (T.T. 3/29/05, 22-2 to 26-16). Another shot missed Phillips completely, striking Davis in the leg.

Thus, a reasonable jury could have concluded that the shooter intended to kill the victim, and was merely a bad shot. But a jury correctly charged on the manslaughter alternatives also may have concluded that the evidence indicated a reckless spraying of gunfire, evincing not necessarily a knowing or purposeful intent, but a reckless action wherein the actor knew there was a possibility or even probability of death, but did not particularly care. This is particularly so, as Petitioner made no statement and the state was unable to suggest any motive [Petitioner ] may have had to kill Phillips.

Therefore, based on these facts, Counsel should have requested that the jury be charged on manslaughter.

C.  <u>Ground Three:</u> **Petitioner's trial attorney rendered ineffective assistance of counsel by failing to object to the court's confusing and contradictory jury instructions.**

SUPPORTING FACTS (Tell your story <u>briefly</u> without citing cases or law):

In his final instruction of the aggravated assault count, the judge read the pertinent count of the indictment, telling the jury that the [Petitioner] allegedly did "purposefully, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life cause or attempt to cause serious bodily injury to Stacy Davis by shooting him. (T.T. 3/30/05, 93-18 to 94-1). Although the court then properly instructed the jury on the elements of aggravated assault, its failure to correct its earlier erroneous instruction had the clear capacity to confuse the jurors regarding the essential elements of the crime, allowing the jury to return a verdict of guilty for attempted aggravated assault based on a reckless or knowing, rather than purposeful, state of mind. Thus, the instruction was simply incorrect when it set the requisite *mens rea* for attempted aggravated assault to include "knowing" or "reckless." Thus, the court's instruction was confusing to the jury and Counsel should have objected. The error in instructing the jury that it should convict Petitioner if it found that he recklessly attempted to cause serious bodily injury clearly caused an unjust result.

D.  <u>Ground Four:</u> **Petitioner's trial attorney rendered ineffective assistance of counsel by failing to move for a judgment of acquittal regarding the unlawful possession of a weapon charge.**

SUPPORTING FACTS (Tell your story briefly without citing cases or law):

At the close of the state's case, there was simply no evidence presented that stated that Petitioner did not have a gun permit. To further support this argument, the jury asked the following question, "...was a proper search done for a gun permit?"

E.  <u>Ground Five:</u> **Petitioner's Counsel rendered ineffective assistance because an actual Conflict of Interest existed.**

SUPPORTING FACTS (Tell your story briefly without citing cases or law):

Prior to the jury being sworn, trial counsel represented that he had represented Timothy Phillips, the decedent, "in two or three drug cases," but defendant, despite counsel's arguable conflict of interest, decided that counsel represent him at trial. (3T 4-3 to 8-11).

13. If one of the grounds listed in 12A, B, C, D and E were not previously presented to any other courts, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: **All issues have been exhausted**.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment of attack? **No.**

15. Give name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing: **Jonathan D. Gordan.**

    (b) At arraignment and plea: **same as 15 (a).**

    (c) At trial: **same as 15(a).**

    (d) At sentencing: **same as 15(a).**

    (e) On appeal: **Linda Mehling.**

    (f) In any post-conviction proceeding: **Michael G. Paul.**

    (g) On appeal from an adverse ruling in a post-conviction proceeding: **Steven M. Gilson**

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? **Yes**.

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? **No**.

    (a) If so, give the name and location of court which imposed sentence to be served in the future: **N/A**

    (b) And give date and length of sentence to be served in the future: **N/A**

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? **N/A**.

WHEREFORE, petitioner request that the court grant petitioner relief, pursuant to 28 U.S.C. Section 2254, to which petitioner may be entitled in this proceeding.

*Naeem Miller*
Naeem Miller
Petitioner, pro se

I, NAEEM MILLER, declare under penalty of perjury that the foregoing is true and correct.

Executed on APRIL 26, 2010                *Naeem Miller*